**FILED**

MAY 11 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ , DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MALIK SHAKUR,  
    Plaintiff,

vs.

NBC KFOR NEWS,  
    Defendant,

Case No. 20-CV-1304-SLP

18 U.S.C § 1332  
18 U.S.C. § 10

### MOTION TO STRIKE AND STAY
### TO
### ALTER AND AMEND

In my honor and in honor of the Judicary Act of 1789. I, Malik of the family Shakur hereby special appearance on behalf of citizen (46 U.S.C.§ 50501) without waving any rights or remedies statutory or procedural arriving at 18 U.S.C § 1332 subject matter jurisdiction. COME NOW seeking relief through 18 U.S.C. § 10 power of the "interstate commerce clause" pursant to private discrimination on the basis of race. For the selling of false news in exchange for privat profit. *Plaintiff* "knowingly" used *Defendant's* image in effort to gain financial profit internationally and across several states. Painting a false light upon a "person of color" without due-process denied *Defendant* of his right to privacy and choice to share the true story to the KFOR NEWS reporter before broadcasting a news story that was wholly false; proves malice with the intent to defame *Defendents* character and defraud the public for personal profit and ratings. Caused severe emotional stress and distress upon the *Defendant*. Forever leaving him publicly and privately scared left to defend his character in effort to uphold his dignity. For this reason *Defendant* moves to the court to strike the *Plaintiff's* pleading in effort to stay to alter and amended name change of the responding party.

### STATEMENT OF CLAIM

Fair exchange is no robbery. *Plaintiff* financially profited internationally by intentionally using the *Defendant's* image across states. In effort to sell a story to satisfy the media market. To ask the court

leaving him publicly and privately scared left to defend his character in effort to uphold his dignity and good reputation.

**III.** *(Plaintiff)* brings forth this libel defamation complaint against the *(Defendant)* for harmful malicious injuries occurring from a nation wide news broadcasting and printed article reported by journalist Cassandra Sweetman titled **"Metro man accused of stealing thousands from his elderly mother"** posted on March 5, 2019 and updated on November 8, 2019. That news report and publication was broadcast nation wide without ever once speaking to the *(Plaintiff)*. The *(Defendant)* painted a false light of the *(Plaintiff)* depriving him of procedural due-process. *Plaintiff* first gain knowledge of the news broadcasting when he was comforted by his boss at Tinker AFB informing him of the criminal allegations against him an until that situations was resolved he would be strip of his security clearance and re-position to lower grade assignment until his charges have been adjudicated. On September 26, 2019 *(Plaintiff)* was dismissed of the criminal charges of elderly financial exploration docket IN THE DISTRICT COURT OF CLEVLAND COUNTY under Case No. CF-19-175. Approximately 30 or more days after the dismissal *(Plaintiff)* contacted the *(Defendant)* Oklahoma's NEWS 4 journalist/report Cassandra Sweetman an asked if she would be willing to **recant** her previously story, but she declined *(Plaintiff)* request. *Defendant)* added insult to injury on December 28, 2020, when assignment editor with Oklahoma's NEWS 4 addressing himself by the first name of "Chuck" stated of over the phone when he was asked, "Why did their reporter publish a story without contacting the victim being *(Plaintiff)* to get a factual story. He stated, "I think we tried but maybe he was in jail." When asked how did their editor get the information issue in the editors note published on 11/8/2020 stating, **"This case was dismissed due to the 'state's inability to prove each element beyond a reasonable doubt. The state made that request on 9/26/19."** "Chuck" replied either the victim being *(Plaintiff)* or his lawyer contacted their station. "Chuck" then stated, "The victim being *(Plaintiff)* can file a suit against them, but he don't stand a chance at winning." An rather suggested that the *(Plaintiff)* contact their lawyers an maybe work something out.

**IV.** *(Plaintiff)* seeks relief before a trial by jury for intentional malice joined at the "meeting of the minds" favoring the STATE OF OKLAHOMA in effort to cover up financial criminology occurring with my mother finances at the hands of several state employees. The *(Defendant)* knowingly and intentionally misused their media platform to expose *(Plaintiff)* imagine in a false light in effort to conspired with others privilege to public media access. The *(Defendant's)* actions were in bad faith, deliberate, premeditated and profitable; lacking procedural due-process. Thus deprived *Plaintiff* of his right to privacy from information that was not privledged; regulated under interstate commerce and anti trust laws.

## Cause of Action

**V.** For the burden of proof and accuracy of the *Defendant's* broadcasting and publishing of the statements pertaining to the *Plaintiff* were proved to be factually incorrect and because that production was part of the mainstream of the activity that would inevitably affect the interstate status of the goods. That was obtained by significant aid from State officials operating under the "color of law" who engaged in conduct otherwise chargeable to the State. Which deliberately deprived *Plaintiff* and his elderly mother right to privacy and equal protection under law.

## Proof of Malice

**VI.** KFOR NEWS deliberate distortions of the facts, were made with malicious intent, being the basis for this suit and because the broadcasting 'reporter' received information from State officials that was wantedly published and produced intertnationally and throughout the states without ever being publicly or privately investigated. While airing live KFOR NEWS invaded *Plaintiff*'s property and placing of dwelling; imposing upon his liberty to be free from public exposure and oppressive authourity. Deprived *Plaintiff* his to his right to privacy and due-process. Caused by defamatory statements and unpriviledged publication to a third party. That defamed the *Plaintiff* and exploited he

and his elderly mother's right to privacy causing special damage of negligence at the fault of the reporter/publisher. For the releasing of inadequate information of a crime that was **not** true and **not** charged. Moreover the entire news story was false and published without factual detail. Showing plausible that the *Defendant's* publication was/were and is unpriviledged, false and defamatory statements attached with *Plaintiff's* image is still presently being marketed intenternationally and across state lines. For these reason *Plaintiff's* complaint shows plausible timing and reasoning in which relief may be granted.

## STATEMENT OF CLAIM

**VII.** Fair exchange is no robbery. *Plaintiff* financially profited internationally by intentionally using the *Defendant's* image across states. In effort to sell a story to satisfy the media market. To ask the court to dismiss a claim that can be simply corrected by altering the name of the responding party at it' proper jurisdiction is an insult to injury. That could have been address sooner according *Plaintiff's* time of proof of service. *Defendant's* partnering company failed to forward mail to it's proper constituents within. Wherefore it would prejudiced the purpose of the court and the rule of law established to make it work. The goal of the framers of the constitution was not to end but defend the rights of it's people.

## CONCLUSION

For this reason *Plaintiff* move the court to dismiss *Defendant's* pleading for lack of plausibility; as true jurisdiction has been established.

    Respectfully submitted,

    *(pro-se litigant) Malik Shakur*
    1100 NE 16th Street
    Oklahoma City, OK 73117
    (405) 977-8084

to dismiss a claim that can be simply corrected by altering the name of the responding party at it' proper jurisdiction is an insult to injury. That could have been address sooner according *Plaintiff's* time of proof of service. *Defendant's* partnering company failed to forward mail to it's proper constituents within. Wherefore it would prejudiced the purpose of the court and the rule of law established to make it work. The goal of the framers of the constitution was not to end but defend the rights of it's people.

## CONCLUSION

For this reason *Plaintiff* move the court to dismiss *Defendant's* pleading for lack of plausibility.

## CERTIFICATE OF SERVICE

I certify that the attach document(s) was (were) as indicated sent by through U.S. Mail on this day May__, 2021, to:

ATTENTION:
Robert D. Nelon, OBA #6610
Jon Epstein, OBA #6610
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN, & NELSON, P.C.
100 North Broadwat, Suite 2900
Oklahoma City, OK 73102-8865

INDIVIDUAL/ACKNOWLEDEGMENT
State/Commonwealth of Oklahoma
County of Oklahoma
this the 11 day of May, 2021
_Susan Kirkpatrick_
Name of Notary Public

_Malik Shakur_
Malik Shakur
1100 NE 16th
Oklahoma City, OK 73117