## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MALIK SHAKUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-1304-SLP |
| | ) | |
| NEXSTAR MEDIA INC., | ) | |
| KFOR NEWS, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court are the following motions: (1) Motion to Dismiss of Nexstar Media, Inc. and Brief in Support [Doc. No. 10]; (2) Plaintiff's Motion to Strike and Stay to Alter and Amend [Doc. No. 13]; and (3) Nexstar Media Inc.'s Motions to Dismiss the Amended Complaint Combined with its Response to Plaintiff's Motion to Strike and Stay to Alter and Amend [Doc. No. 15]. For the reasons that follow, the Court finds dismissal of the Amended Complaint is warranted.

## I.    Background / Procedural History

On December 30, 2020, Plaintiff, appearing pro se, filed a Complaint naming as Defendant NBC KFOR NEWS. *See* Compl. [Doc. No. 1]. Plaintiff did not timely effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the Court, therefore, issued an order to show cause why the action should not be dismissed. *See* Order [Doc. No. 7]. Plaintiff responded and attached evidence of his service attempts. *See* Pl.'s Resp. [Doc. No. 8].

Thereafter, counsel for Nexstar Media, Inc. (Nexstar) entered an appearance and filed a Motion to Dismiss.  In the Motion, Nexstar states that its "indirect subsidiary, Tribune Broadcasting, II, LLC, is the owner and operator of television station KFOR ("KFOR") and further that no such entity exists under the name used by Plaintiff to identify the defendant, "NBC KFOR News."   *See* Nexstar's Mot. to Dismiss [Doc. No. 10].

Plaintiff then filed an Amended Complaint [Doc. No. 14], which is the operative pleading.  *See, e.g., Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). Plaintiff names Nexstar as the Defendant.  Plaintiff alleges subject matter jurisdiction based on "diversity of citizenship."  Am. Compl. at 1.  He seeks "relief for libel defamation pursuant to 28 U.S.C. § 4101, held under the enforcement and regulation of 18 U.S.C. § 10 power of the 'interstate commerce clause' pursuant to private discrimination on the basis of race."  *Id*.

Plaintiff's claims arise out of a "nation wide [sic] news broadcasting and printed article reported by journalist Cassandra Sweetman title '**Metro man accused of stealing thousands from his elderly mother**' posted on March 5, 2019 and updated on November 8, 2019."  *See* Doc. 13 at 2.[1]  Plaintiff alleges the publication constitutes "intentional malice", placed Plaintiff in a "false light", lacked "procedural due process", and deprived Plaintiff of his "right to privacy" which is "regulated under interstate commerce and anti trust laws."  *Id*. at 3.

---

[1] Simultaneously with filing his Amended Complaint, Plaintiff filed a Motion to Strike and Stay to Alter and Amend [Doc. No. 13].  It appears a portion of the Amended Complaint was inadvertently attached to the Motion.  *See* Mot. at 2-5.  The Court construes the Amended Complaint to include those pages.

Nexstar moves to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. [Doc. No. 15]. First, Nexstar argues Plaintiff has failed to plausibly allege a claim for defamation (whether libel or slander) because the news report about which Plaintiff complains was not false. Nexstar argues "plaintiff accuses KFOR of reporting that he was charged with a crime after he was, in fact, charged with a crime." Mot. at 3. Nexstar further argues the "news report was a fair and true report of official proceedings – and therefore absolutely privileged[.]. *Id*. at 3-4 (citing Okla. Stat. tit. 12, § 1443.1). Alternatively, Nexstar argues the face of the Amended Complaint demonstrates the claim for defamation is time-barred by the applicable one-year statute of limitations. *See id*. at 4 citing Okla. Stat. tit. 12, § 95(A)(4).

Nexstar further moves to dismiss any claim Plaintiff purports to assert pursuant to 42 U.S.C. § 1983. Nexstar contends Plaintiff fails to allege any facts demonstrating state action as required to state a claim for relief under § 1983.

Finally, Nexstar moves for dismissal for lack of subject matter jurisdiction. Nexstar argues Plaintiff's § 1983 claim is "wholly insubstantial and frivolous" and, therefore, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Nexstar then urges the Court to decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(a). Nexstar does not address Plaintiff's reference to "diversity of citizenship" as a basis for the exercise of subject matter jurisdiction.

II.   **Discussion**

A.   **Subject Matter Jurisdiction**

The jurisdiction of the federal courts is limited.  As such, there is a presumption against the exercise of such jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  The party invoking federal jurisdiction bears the burden of proof.  *Id*.

When assessing a Rule 12(b)(1) motion to dismiss based on a facial attack, the court must accept the allegations in the complaint as true.  *Schmitz v. Colo. State Patrol*, 841 F. App'x 45, 54 (10th Cir. 2020) (citing *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877-78 (10th Cir. 2017)).  Thus, the court must evaluate whether the factual matter of the complaint is sufficient to state a claim to relief that is plausible on its face.  *Id*.

1.   **Diversity of Citizenship -- 28 U.S.C. § 1332**

Plaintiff's Amended Complaint makes the following jurisdictional allegation: "COME NOW, Malik Shakur entering upon special appearance for Plaintiff arriving at subject matter jurisdiction 18 U.S.C. § 1332; seeking relief for libel defamation pursuant to 28 U.S.C. § 4101, held under the enforcement and regulation of 18 U.S.C. § 10 power of the 'interstate commerce clause' pursuant to private discrimination on the basis of race." Am. Compl. at 1.

Plaintiff's citation to "18 U.S.C. § 1332" appears to be an intended reference to 28 U.S.C. § 1332, addressing subject matter jurisdiction on the basis of diversity of citizenship.  The Amended Complaint, however, is silent as to the citizenship of the parties.  Plaintiff fails to identify his own citizenship.  And Plaintiff does not identify the place of

incorporation or principal place of business of Nexstar.[2]   Similarly, the Amended Complaint is silent as to the amount in controversy.[3]   Accordingly, Plaintiff fails to adequately allege a basis for the Court's exercise of diversity jurisdiction.  *Cf. Blythe v. Southwest Airlines Co.*, 383 F. App'x 766, 769 (10th Cir. 2010) (affirming dismissal of complaint based on failure to allege facts sufficient to show diversity of citizenship where plaintiff did not set forth any facts regarding citizenship or the amount in controversy").  Although it appears Plaintiff may be able to cure these pleading defects, as set forth below, the Court finds leave to amend would be futile.

## 2.    Federal Question – 28 U.S.C. § 1331

"A suit will be dismissed for lack of federal question jurisdiction when the claim is 'too insubstantial for consideration,' *Hagans v. Lavine*, 415 U.S. 528, 539 (1974), or is 'wholly insubstantial and frivolous,' *Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir.), cert. denied, 419 U.S. 1026 (1974)." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 & n.10 (2006) (plaintiff must plead a "colorable claim" to properly invoke § 1331 jurisdiction).  Other than the citation to "18 U.S.C. § 1332" Plaintiff cites only two additional federal statutes in the Amended Complaint.

First, Plaintiff cites the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. § 4101.  But the SPEECH Act

---

[2]  Plaintiff lists mailing addresses for himself and the Defendant but otherwise includes no allegations regarding the parties' citizenship.

[3]  Plaintiff's original complaint sought damages in an amount in excess of 50 million dollars.

has no applicability here.  The SPEECH Act provides that a domestic court "shall not recognize or enforce a foreign judgment for defamation" unless it satisfies both First Amendment and due process considerations.  *See* 28 U.S.C. § 4102; *see also Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 488 (5th Cir. 2013).   Plaintiff's Amended Complaint is void of any facts demonstrating he has obtained a foreign judgment for defamation.  Second, Plaintiff cites 18 U.S.C. § 10, a provision of the criminal code which defines "interstate commerce" for purposes of certain crimes.  The statutory reference contains no basis for a claim in a civil proceeding.

Plaintiff also makes a vague reference to Defendant having obtained "significant aid from State officials operating under 'color of law." *See* Doc. 13 at 3.  To the extent Plaintiff purports to bring a claim pursuant to 42 U.S.C. § 1983 as a basis for federal question jurisdiction, this claim, too is insubstantial and frivolous.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Plaintiff's Amended Complaint fails to allege that Nexstar acted under color of state law.  Nor has Plaintiff alleged facts showing a deprivation of his federal rights.  As set forth above, the statutory provisions upon which he relies provide no basis for relief.  Otherwise, he makes wholly conclusory allegations of violations of his "right to privacy" and of "due process" stemming from the news story that serves as the basis for his defamation claim.  Plaintiff's allegations as to any claim for relief under § 1983 are, therefore, insubstantial and frivolous and do not provide a basis for the exercise of federal question jurisdiction.

## B.     Leave to Amend

The Court finds Plaintiff should not be granted further leave to amend.  Even if Plaintiff were able to cure the diversity-of-citizenship jurisdictional pleading defects, the Court agrees with Defendant that the face of the Complaint demonstrates his "publication tort" claim is time barred.[4]  As alleged by Plaintiff, the last publication occurred on November 8, 2019.  Under governing Oklahoma law, Plaintiff had one year from that date within which to bring a claim.  *See* Okla. Stat. tit. 12, § 95(A)(4).  But Plaintiff did not file this action until December 30, 2020.  Although Plaintiff appears to argue in his response that the defamation is continuing, the allegations of the Amended Complaint fail to support his argument.  And, as Defendants set forth in their Reply [Doc. No. 17], the statute of limitations runs from the date of publication.  *See* Reply at 2-3 (citing cases).[5]

Similarly, to the extent Plaintiff seeks to proceed pursuant to federal question jurisdiction under § 1331, he cites multiple federal statutes.  But, as set forth, those statutes either fail to support a plausible claim or Plaintiff's allegations are otherwise wholly deficient to support any such federal claim.

The Court recognizes that Plaintiff is proceeding pro se and that his pleadings are held to a less stringent standard than those drafted by lawyers.  But Plaintiff's pro se status

---

[4] Plaintiff identifies no other state law claim.

[5] Defendant raises other arguments that demonstrate the lack of plausibility of Plaintiff's state-law claims including the purported truth of the news report and absolute privilege.  *See* Def.'s Motion at 5.  Although the Court deems it unnecessary to address these issues, it appears additional grounds warrant dismissal and further support the futility of allowing further amendment.

does not excuse him from "follow[ing] the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) ("Complaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when "'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999)).   Plaintiff has submitted multiple filings to correct various pleading and other procedural deficiencies to no avail.  *See, e.g.*, Doc. Nos. 13, 14, 165, 18.  The Court finds further leave to amend is not warranted under the circumstances of this case.

## IV.   <u>Conclusion</u>

For the reasons set forth, the Amended Complaint fails to allege facts sufficient to support an exercise of subject matter jurisdiction.  Furthermore, leave to amend would be futile.

IT IS THEREFORE ORDERED that Defendant's Motions to Dismiss [Doc. Nos. 10 and 15] are GRANTED and the Amended Complaint is dismissed.  A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike and Stay to Alter and Amend [Doc. No. 13]] is DENIED as moot.

IT IS SO ORDERED this 26th day of May, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE